Anerio V. Altman, State Bar No. 228445
aaltman@go2.law
Sara Tidd, State Bar No. 259741
stidd@go2.law
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Counsel for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:22-bk-11471-NB |
| CHERRY MAN INDUSTRIES, INC., | Chapter 7 |
| Debtor. | Adversary Proceeding No. To Be Assigned |
| | **COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. 547 AND 550** |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE | |
| Plaintiff | |
| v. | |
| FRANK LIN, an individual; EDWARD KIM, an individual | |
| Defendant | |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD, IF ANY:**

For his Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant to 11 U.S.C. §§ 547(B), 550 And 551 ("Complaint"), against FRANK LIN, an individual and EDWARD KIM, an individual ("Defendant" or "Defendants" collectively), Jeffrey I. Golden, the duly appointed and acting Chapter 7 Trustee of the estate of In Re:   Cherry Man Industries, Inc.("Trustee" or Plaintiff"), hereby alleges as follows:

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

COMPLAINT FOR AVOIDANCE OF
PREFERENTIAL TRANSFERS

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of CHERRY MAN INDUSTRIES, INC. (the "Debtor"). Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a civil proceeding arising in and/or related to the Debtor's Chapter 7 case, styled In Re:  Cherry Man Industries, Inc. (Case No. 8:22-bk-11471-NB) currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F) and (H).

4. On March 17, 2022 ("Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

5. The deadline to file actions pursuant to 11 U.S.C. Sec. 546 is April 22, 2026.

## PARTIES

6. Plaintiff is the Trustee of the Debtor's estate, and brings this action for the benefit of the Estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that

2                                    COMPLAINT FOR AVOIDANCE OF
                                         PREFERENTIAL TRANSFERS

basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. §502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

7. Defendants are the insiders of the Debtor as that term is defined under 11 U.S.C. Sec. 101.

8. Frank Lin, for all periods prior to the petition date, was the President and CEO of the Debtor.

9. Edward Kim, for all periods prior to the petition date, was the Debtor's Treasurer.

10. Plaintiff is informed and believes and based thereon alleges that Defendants are individuals residing in the State of California. At all relevant times, Defendants are entities for whose benefit the recoverable transfers alleged.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. The Defendants caused the petition to be filed in the Bankruptcy Case in chief. Plaintiff alleges on information and belief that Frank Lin executed all signatures on the petition.  Plaintiff further alleges on information and belief that Edward Kim completed the petition with assistance of bankruptcy counsel.  Plaintiff alleges on information and belief that Frank Lin and Edward Kim were aware of all information contained within the petition and the same information therein was true and correct as to their own knowledge.

12. The Debtor's statement of financial affairs filed on May 4, 2022 as Docket #196 indicates that Frank Lin received $1,233,808.81 in 2021 in wages and $37,738 in reimbursements from the Debtor in the 365-day period prior to the petition date.

13. The Debtor's statement of financial affairs indicates that Edward Kim received $223,392.60 in Wages and $5,149.79 in reimbursements from the Debtor in the 365-day period prior to the petition date.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

3                                    COMPLAINT FOR AVOIDANCE OF
                                     PREFERENTIAL TRANSFERS

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

14. Plaintiff alleges on information and belief that in the 365-day period prior to the Petition Date, the Debtor did not have sufficient funds to pay all of its debts and fell behind on its payments to creditors.

15. During this time, many of the Debtor's creditors contacted the Debtor and demanded that their bills be paid.

16. Plaintiff is informed and believes and, on that basis, alleges, that the Debtor made transfers of property in the form of payments to the Defendants during the 365-day period prior to the Petition Date in the total aggregate amount of $1,500,089.20. ("Preferential Transfers"). Attached hereto as Exhibit 1 is a copy of the Debtor's filed Statement of Financial Affairs.

## **FIRST CLAIM FOR RELIEF**

## **AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. SEC. 547(b)**

17. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

18. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made to Defendants for the benefit of Defendant, who was a creditor of the Debtor at the time of the respective transfers as that term is defined by 11 U.S.C. § 101(10).

19. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were transfers of interests of the Debtor in property.

20. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Preferential Transfers were made.

21. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made while the Debtor was insolvent.

22. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers enabled Defendants to receive more than Defendants would

COMPLAINT FOR AVOIDANCE OF
PREFERENTIAL TRANSFERS

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code;(b) the respective transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

23. Interest on the Preferential Transfers has accrued and continues to accrue from the date each of the Preferential Transfers was made.

24. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfers are avoided.

### SECOND CLAIM FOR RELIEF

(For Recovery of Property Pursuant To 11 U.S.C. § 550)

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

26. As alleged herein, Plaintiff is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547.  As the Defendant is the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Preferential Transfers, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

### THIRD CLAIM FOR RELIEF

(For Preservation of Avoided Transfer Pursuant To U.S.C. § 551)

27. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

28. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfers, for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.      For a judgment that the Preferential Transfers are avoidable as preferential

COMPLAINT FOR AVOIDANCE OF
PREFERENTIAL TRANSFERS

transfers under 11 U.S.C. § 547(b);

## ON THE SECOND CLAIM FOR RELIEF

2.     For a judgment that the Estate is entitled to recover the Preferential Transfers or the value thereof under 11 U.S.C. § 550;

## ON THE THIRD CLAIM FOR RELIEF

3.     For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Preferential Transfers, for the benefit of the Estate;

## ON ALL CLAIMS FOR RELIEF

4.     For interest as permitted by law from the date of the Transfers,

5.     For costs of suit incurred herein, including without limitation, reasonable attorneys' fees; and

6.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 22, 2026         GOLDEN GOODRICH LLP

By:  /S/ ANERIO V. ALTMAN
     Anerio V. Altman
     Sara T. Tidd
     Attorneys for Chapter 7 Trustee
     Jeffrey I. Golden

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

6

COMPLAINT FOR AVOIDANCE OF
PREFERENTIAL TRANSFERS

# EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|

**Michael Jay Berger**
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**
**(310) 271-6223 Fax: (310) 271-9805**
**100291 CA**
**michael.berger@bankruptcypower.com**

☐ *Individual appearing without attorney*
☑ *Attorney for Debtor Cherry Man Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

**Cherry Man Industries, Inc.**

CASE NO.: **2:22-bk-11471-NB**

CHAPTER: **11**

**SUMMARY OF AMENDED SCHEDULES,**
**MASTER MAILING LIST,**
**AND/OR STATEMENTS**
**[LBR 1007-1(c)]**

Debtor(s)

A filing fee is required to amend Schedules D, or E/F (see Abb reviated Fee Schedule on the Court's website www.cacb.uscourts.gov) A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F. Are one or more creditors being added? ☐ Yes ☐ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☐ Schedule A/B    ☐ Schedule C    ☐ Schedule D    ☐ Schedule E/F    ☐ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☑ Statement of Financial Affairs

☐ Statement About Your Social Security Number(s)    ☐ Statement of Intentions    ☐ Master Mailing List

☐ Other *(specify)* _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date.    5/4/2022 _____        ✗

_____
**Frank Lin**
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2015*                     Page 1                     F 1007-1.1.AMENDED.SUMMARY

**Exhibit 1, Page 7**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Cherry Man Industries, Inc.** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:22-bk-11471-NB** |

☑ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

1.  **Gross revenue from business**

    ☐ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|
    | **see attached list for tax filing for 2019 and 2020 years**<br>**2021 Taxes have not been filed**<br>**2022 Information is not available at this time** | | |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☑ None.

    | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|---|
    | | | |

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
    |---|---|---|---|
    | **Attached see the list of vendor payments** | | | |

**Exhibit 1, Page 8**

Debtor    **Cherry Man Industries, Inc.**    Case number *(if known)* **2:22-bk-11471-NB**

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

**5. Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Lamarcus Moore vs Cherry Man Industries, Inc.**<br>**450-2019-04203** | **EEOC Charge** | **U.S. Equal Employment Opportunity Commis**<br>**Dallas Distric Office**<br>**207 S. Houston St., 3rd Fl**<br>**Dallas, TX 75202** | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

### Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Exhibit 1, Page 9**

| Debtor | Cherry Man Industries, Inc. | Case number (if known) 2:22-bk-11471-NB |
|---|---|---|

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

## Part 6:   Certain Payments or Transfers

### 11. Payments related to bankruptcy
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212** | **Attorney Fees** | **March 3, 2022** | **$20,000.00** |
| | **Email or website address**<br>**michael.berger@bankruptcypower.com** | | | |
| | **Who made the payment, if not debtor?**<br>**Debtor's Principal Frank Lin paid the retainer from his personal funds but was reimbursed by the Debtor prior to the filing of this bankruptcy case.** | | | |
| 11.2. | **ArentFox Schieff**<br>**555 West 5th St. 48th Fl.**<br>**Los Angeles, C A 90013** | **Attorney Fees** | **March 2022** | **$25,000.00** |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?**<br>**Cherry Man Industries, Inc.** | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

### 13. Transfers not already listed on this statement
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

**Exhibit 1, Page 10**

| Debtor | Cherry Man Industries, Inc. | Case number *(if known)* | 2:22-bk-11471-NB |

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |

## Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy From-To |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator? **401K with ADP Workforce**

☐ No. Go to Part 10.

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | 401K | | |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |

**Exhibit 1, Page 11**

Debtor    **Cherry Man Industries, Inc.**                                        Case number *(if known)*    **2:22-bk-11471-NB**

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.    Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

---

Official Form 207    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    page 5

**Exhibit 1, Page 12**

Debtor    **Cherry Man Industries, Inc.**                                   Case number (if known)    **2:22-bk-11471-NB**

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|

| 25.1. | **Cherry Man Industries Inc.**<br>**2100 E. Grand Ave., Ste 600**<br>**El Segundo, CA 90245** | **IImport and wholesale of Office Furniture** | **Dates business existed**<br>EIN:       03-0408944<br><br>From-To    **2002 to present** |
|---|---|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.    **Kim & Lee LLP**<br>**2305 W 19th Street**<br>**Torrance, CA 90504** | **2002 to present** |
| 26a.2.    **Ted Murphy** | **2022** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1.    **Kim and Lee, LLP**<br>**2305 W. 19th Street**<br>**Torrance, CA 90504** | **2002 to present time.  Once a year an Audit is performed** |
| 26b.2.    **Ted Murphy** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Kim & Lee, LLP**<br>**2305 W. 19th Street**<br>**Torrance, CA 90504** | **Last audit was done on 12/18/2021** |
| 26c.2.    **Ted Murphy** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    **Cathay Bank**<br>**Business Development Department**<br>**9650 Flair Drive**<br>**El Monte, CA 91731** |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Exhibit 1, Page 13**

Debtor  **Cherry Man Industries, Inc.**                                      Case number *(if known)*  **2:22-bk-11471-NB**

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each Inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Frank Lin | 2100 E Grand Ave., #600 El Segundo, CA 90245 | President | 61% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Edward Kim | 2100 E. Grand Ave., #600 El Segundo, CA 90245 | Treasurer | 39% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | **Frank Lin** 2100 E. Grand Ave., Ste 600 El Segundo, CA 90245 | $1,233,808.81 - 2021 Annual Wages $37,738.00 Reimbursement for Consultant | 2021 Annual wages 3/15/2022 | |
| | **Relationship to debtor** President | | | |
| 30.2 | **Edward Kim** 2100 E. Grand Ave., Ste 600 El Segundo, CA 90245 | $223,392.60 - 2021 Gross Annual Wages $5,149.79 - Reimbursement for Consultant | 2021 Annual Wages 8/9/2021 | |
| | **Relationship to debtor** Treasurer | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Exhibit 1, Page 14**

Debtor  **Cherry Man Industries, Inc.**                                              Case number *(if known)* **2:22-bk-11471-NB**

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____          **Frank Lin**_____
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor     **President**_____

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes

Official Form 207                    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 8

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**Exhibit 1, Page 15**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document entitled (*specify*): __**Summary of Amended Schedules, Master Mailing List, and or Statements**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* __**5/4/2022**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

**Proposed Counsel: Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Counsel for DGI LS, LLC: Dustin P Branch**   branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
**Counsel for Ronald Brown: Ronald K Brown**   ron@rkbrownlaw.com
**Interested Party: Steve Burnell**   sburnell@sulmeyerlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
**Interested Party:** Steven P Chang   heidi@spclawoffice.com, schang@spclawoffice.com,assistant1@spclawoffice.com,attorney@spclawoffice.com;g9806@notify.cincompass.com;changsr75251@notify.bestcase.com
**Interested Party:** Glen Dresser   gombd@aol.com
**Interested Party:** Alan W Forsley   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
**Counsel for Cathay Bank: Michael J Gomez**   mgomez@frandzel.com, dmoore@frandzel.com; Gerrick Warrington   gwarrington@frandzel.com, sking@frandzel.com
**Interested Parties: Asa S Hami**   ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com; David S Kupetz   dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com; Victor A Sahn   vsahn@sulmeyerlaw.com, dillamar@sulmeyerlaw.com; pdillamar@ecf.inforuptcy.com; vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
**Interested Party: Eric D. Houser**   scleere@houser-law.com
**City Ocean International: Christopher J Langley**   chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
**U.S. Trustee: Dare Law**   dare.law@usdoj.gov, ron.maroko@usdoj.gov
**Counsel for Dallas County: Peter W Lianides**   plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Zev Shechtman   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
**Counsel for Duke Realty LP: Louis F Solimine**   Louis.Solimine@thompsonhine.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 2                    F 1007-1.1.AMENDED.SUMMARY

**Exhibit 1, Page 16**

**Counsel for Dallas County: Laurie A Spindler**    laurie.spindler@lgbs.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Committee of Unsecured Creditors of Cherry Man: Eric R Wilson**
kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
**Counsel to Appear Pro hac for Jason R. Admas: Eric R
Wilson**    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

☐ Service information continued on attached
page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached
page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached
page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/4/2022 | Yathida Nipha | /s/Yathida Nipha |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Exhibit 1, Page 17**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE | DEFENDANTS<br><br>FRANK LIN, an individual; EDWARD KIM, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>GOLDEN GOODRICH LLP<br>3070 Bristol Street, Suite 64<br>Costa Mesa, CA  92626    (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. 547 AND 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ 1,500,089.20 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CHERRY MAN INDUSTRIES, INC. | | BANKRUPTCY CASE NO.<br>2:22-bk-11471-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>BASON |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Anerio V. Altman | | | |
| DATE<br><br>April 22, 2026 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Anerio V. Altman | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.